### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Cheryl K. Schmitt,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Firstsource Advantage, LLC,<br><br>　　　　　Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

COMES NOW the Plaintiff Cheryl K. Schmitt by and through her attorneys, Pamela A. Car and William L. Reinbrecht of Car & Reinbrecht, P.C., L.L.O., and alleges and states that this is an action brought by an individual consumer for the Defendant's violations of the Fair Debt Collection Practices Act, (hereinafter referred to as the "FDCPA") 15 U.S.C. § 1692 *et seq*. and the Nebraska Consumer Protection Act, Neb.Rev.Stat. § 59-1601 *et seq*. (hereinafter referred to as the "NCPA") In support of her claims, Plaintiff states and alleges as follows:

### JURISDICTION AND PARTIES

1. That subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k, actionable through 28 U.S.C. §1331 and other provisions of the law.

2. That venue is proper in this Court for the reason that the claim on which this suit is based happened in this Judicial District.

3. That Cheryl K. Schmitt is a resident of Sarpy County, Nebraska.

4. That Defendant Firstsource Advantage, LLC is a debt collector doing business collecting debts in this state on behalf of others.

## FACTUAL BACKGROUND

5. That at all times relevant hereto, Defendant was attempting to collect a credit account alleged to be in default by the Plaintiff for personal, family or household purposes.

6. Defendant sent Plaintiff a letter dated November 6, 2020, the purpose of which was to attempt to collect an alleged credit account originating with American Express. Attached hereto as Exhibit "A" and incorporated herein by this reference is a copy of said letter.

7. The collection letter Exhibit "A" is entitled:

"An opportunity to resolve your debt with American Express
Call 1-877-426-5514"

8. Exhibit "A" reads in part:

If you resolve the balance in full, there may be an opportunity for you to regain card membership with American Express. If you are eligible for, and accept this offer, once the balance on the account is paid in full, American Express will send you an application for the Optima Credit Card.

The letter continues:

Your application will be approved unless:

- You have an active bankruptcy at the time of your application.
- You have accepted another offer for an Optima Credit Card Account from a different agency or from American Express.

2

- You have an active American Express account.
- American Express determines that you do not have the financial capacity to make the minimum payment on this new Card account.

9. Exhibit A is confusing because it represents that upon full payment, the consumer **will** "regain" his or her American Express card membership (unless certain enumerated "disqualifying" events occur) when in actuality the consumer receives is an Optima Card, which amounts only to debit card.

10. Mrs. Schmitt was confused by the letter.

11. The letter also lures and misleads consumers into thinking if they pay in full they will receive the credit card, when in reality American Express will disqualify the consumer automatically if they "do not have the financial capacity to make the minimum payment on this new Card account." Defendant omits the word "credit" from this sentence, which is misleading and deceptive.

12. Consumers, such as Mrs. Schmitt, who are sent Exhibit A will be disqualified from receiving a credit card because American Express has already determined the consumer does not meet the minimum requirements when it turned the defaulted account over for collection. Consumers unable to make a minimum payment on the account alleged to be in default are unlikely considered able to make minimum payment on the new Optima Card.

13. Defendant's letter is also misleading using the words, "regain card membership with American Express" because it creates the impression and

3

expectation that Mrs. Schmitt's credit card with American Express would be reinstated under the previous terms, when that is not the case.

14. Defendant's letter makes a false, deceptive and misleading claim that paying the balance in full will regain Plaintiff's previous American Express card.

15. Defendant never intended to reinstate Mrs. Schmitt's American Express card.

16. Defendant's offer is illusory and is a sham in the sense that American Express had no intention of granting an application for an Optima card and made the offers simply as a ruse to get Mrs. Schmitt to pay her alleged debt.

17. Defendant's collection tactics in <u>Exhibit A</u> are unfair and unconscionable.

## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW the Plaintiff and for her First Cause of Action against the Defendant, states and alleges as follows:

18. Plaintiff is a natural person and "consumer" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. §1692(a)(3).

19. Defendant is a collection agency engaged in the business of collecting debts and regularly attempt to collect debts alleged to be due another by use of the mail and telephone and as such, is a "debt collector" within the meaning of 15 U.S.C. §1692(a)(6).

20. At all times relevant hereto, the Defendant was attempting to collect a credit account alleged to be in default against Mrs. Schmitt personally on behalf of American Express alleged for personal, family or household purposes.

21. During the course of attempting to collect the alleged debt, Defendant:

   a) made false or misleading statements in connection with the attempted collection of said debt, in violation of 15 U.S.C. §1692e; and

   b) used false or deceptive means to collect the debts in violation of 15 U.S.C. §1692e(10); and

   c) used unconscionable and unfair means to collect a debt in violation of 15 U.S.C. §1692f.

18. As a direct and proximate result of these acts, Plaintiff suffered damages.

19. Mrs. Schmitt was confused by the Defendant's letter. Defendant's misleading collection letter is a material violation of the FDCPA and establishes Plaintiff's standing to bring this case. *Tourgeman v. Collins Fin. Serves., Inc.*, 755 F.3d 1109 (9th Cir. 2014).

20. Defendant's letter created a sufficient risk of harm contemplated by the FDCPA, and constitutes a concrete injury in-fact as articulated in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

WHEREFORE, Plaintiff prays for a judgment against the Defendant for statutory damages, general damages, actual damages, statutory attorney fees and costs of this suit and for such other and further relief as the Court shall deem appropriate.

## CAUSE OF ACTION NO. 2
## NEBRASKA CONSUMER PROTECTION ACT

21. Plaintiff repeats and incorporates the foregoing allegations contained above as if fully set forth herein.

22. These events and violations also constitute violations of the Nebraska Consumer Protection Act, (NCPA) Neb. Rev. Stat. § 59-1609 *et seq*. which entitle Plaintiff to statutory and actual damages, injunctive relief, attorney fees and costs.

23. Bringing this case is in the public interest to stop debt collectors from using deceptive means when attempting to collect debts, to decrease the risk and putting consumers such as Mrs. Schmitt in positions where they are unable to make informed decisions on how to respond to communications from a debt collector. See *Tourgeman,* 755 F.3d at 1121.

24. It is also in the public interest "by ensuring that consumers are fully and truthfully apprised of the facts and of their rights, the FDCPA enables them `to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process.'" *Clark v. Capital Credit & Collection Serv., Inc.,* 460 F.3d 1162, 1171 (9th Cir. 2006).

WHEREFORE, Plaintiff requests that a judgment be entered in her favor against Defendant, as follows:

A. Awarding statutory damages pursuant to Neb. Rev. Stat. § 59-1609;

B. Awarding actual damages to the Plaintiff;

C. Awarding costs and reasonable attorney fees pursuant to Neb. Rev. Stat. § 59-1609 *et seq.*; and

D. Enter such additional relief as the Court may find to be just and proper.

Dated: December 15, 2020

                    Cheryl Schmitt, Plaintiff,

By: */s/ Pamela A. Car*
    Pamela A. Car, #18770
    William L. Reinbrecht, #20138
    Car & Reinbrecht, P.C., L.L.O.
    2120 South 72nd St., Suite 1125
    Omaha, NE 68124
    (402) 391-8484 Telephone
    (402) 391-1103 Facsimile
    E-mail: pacar@cox.net
    Attorneys for the Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable in Omaha, Nebraska.

By: */s/Pamela A. Car*